UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                CRIMINAL NO. 3:15cr68-DPJ-LRA

DAVIAN WILSON

ORDER

This criminal matter is before the Court on Defendant Davian Wilson's "Motion *In Limine* to Suppress Evidence of Clothing and Other Items Seized From all Defendants" [78]. As part of his motion, Wilson also seeks an evidentiary hearing. The Government opposes both the substance of the motion and the need for a hearing. Having considered the premises, the Court concludes that no hearing is necessary because this issue can be addressed at trial but that the disputed evidence should not be referenced until the Court rules on any objections to its authenticity.

I.   Background

Wilson is charged with second-degree murder, and his case is set for trial December 12, 2016. On November 23, 2016, the Government wrote Wilson's counsel to disclose that local law enforcement "either did not fill out property log sheets or have lost property log sheets for the clothing and property of the defendants arrested in this case." *See* Letter [78-1] at 1. Wilson therefore moves to suppress the evidence "in limine."

II.   Standards

Despite styling his motion as a motion to suppress, Wilson does not suggest that the evidence was obtained in violation of his Fourth Amendment rights. He argues instead that the Government cannot authenticate the evidence under Federal Rule of Evidence 901, and he seeks

an evidentiary hearing to determine whether that foundation can be established.  As such, his motion is better viewed as a motion in limine.

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.,* 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted).

### III.    Analysis

Rule 901(a) states:  "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Wilson doubts that the Government will be able to meet this burden absent the evidence log.

As an initial matter, Wilson has not suggested that the absence of a log creates a per se basis to exclude the evidence, nor could he.  A party can satisfy Rule 901 in any number of ways, including circumstantial evidence.  *See United States v. Jackson*, 636 F.3d 687, 693 (5th Cir. 2011).  The standard "is not a burdensome one."  *Id.*  And here, the Government has described how it intends to meet that burden.

Based on the record, it is not apparent that this issue merits an evidentiary hearing, and Wilson cites no authority suggesting that it does.  The dispute appears instead to raise a fairly typical evidentiary issue of the sort that is routinely handled at trial.  That said, to avoid any potential prejudice, the Government is ordered to refrain from mentioning the evidence until the Court rules that a proper foundation has been laid to admit it.

IV.     Conclusion

For the foregoing reasons, Defendant Wilson's Motion in Limine [78] is denied in part. The Court will address this evidentiary issue at trial and thus orders the Government to refrain from referencing the disputed evidence until the Court rules on any authenticity objections.

**SO ORDERED AND ADJUDGED** this the 1st day of December, 2016.

s/ <i>Daniel P. Jordan III</i><br>UNITED STATES DISTRICT JUDGE